[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10060
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00360-CR-1-01-JOF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL DAVID VASQUEZ-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 22, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Angel David Vasquez-Garcia appeals his conviction for the unlawful reentry

of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, he argues that the district court erred in denying his motion to suppress because identity-related materials obtained after an unconstitutional search and seizure are suppressible. Vasquez-Garcia acknowledges that his argument is foreclosed by our holding in United States v. Farias-Gonzalez, 556 F.3d 1181 (11th Cir. 2009), petition for cert. filed, (U.S. May 4, 2009) (No. 08-10195), but wishes to preserve his argument.

In reviewing a district court's denial of a motion to suppress, we review findings of fact for clear error and the application of law to those facts de novo. Farias-Gonzalez, 556 F.3d at 1185. In Farias-Gonzalez, we addressed "whether evidence of who the defendant is ('identity-related evidence'), obtained after an unconstitutional search and seizure, is suppressible in a criminal prosecution." Id. at 1182. There, law enforcement officials electronically fingerprinted the defendant in order to determine whether he had illegally entered the country. Id. at 1183. The fingerprint machine identified the defendant's real name and that he previously had been deported from the United States. Id. The defendant's fingerprints were used only as evidence of identity and not to connect him to any non-identity related crimes. Id. at 1185 n.4. We held that identity-related evidence is not suppressible when offered in a criminal prosecution only to prove who the

2

defendant is.  Id. at 1182, 1189.  Identity-related evidence includes fingerprints and photographs.  Id. at 1189.

We also held that an alien file, which contains fingerprints, photographs, and deportation history of an alien, is "not suppressible when the government already knows the identity of the illegal alien and has his alien file in its possession."  Id. (citing United States v. Martinez, 512 F.2d 830, 832 (5th Cir. 1975)).  An alien file is "not the product of any unconstitutional activity" when "it already exist[s] and [is] located in the records of a government agency."  Id.

In this case, law enforcement officials used Vasquez-Garcia's fingerprints only to prove who Vasquez-Garcia was.  As such, Farias-Gonzalez controls the outcome of this case, and Vasquez-Garcia's identity-related evidence – his fingerprints and photographs – cannot be suppressed.  Additionally, Vasquez-Garcia's alien file is not suppressible because it was located in the records of a government agency, the National Records Center, at the time of his arrest. Accordingly, we affirm Vasquez-Garcia's conviction.

AFFIRMED.

3